## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Britta Louise Puppe, as Trustee, for the Next of Kin of Randall Lee Puppe, Decedent, | Civ. No. 10-3888 (MJD/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ametek, Inc. (f/k/a American Machine and Metals); M&S Manufacturing Co., Hilco Industrial LLC; and Mid-Michigan Machinery Sales, Inc., | |
| Defendants. | |

Lucas V. Cragg, Esq., Katz Manka Teplinsky Graves & Sobol Ltd, counsel for Plaintiff.

Lenae M. Pederson, Esq., Meagher & Geer, PLLP, counsel for Defendant M&S Manufacturing Co.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Defendant M&S Manufacturing Co.'s ("M&S") Motion to Dismiss. (Doc. No. 26.) The motion has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons stated below, this Court recommends that Defendant's motion to dismiss be denied.

## BACKGROUND

On August 14, 2007, Randall Lee Puppe died as the result of mechanical asphyxia and blunt-force injuries allegedly resulting from an accident with a chip wringer machine that he was operating as part of his work duties for TCR Engineered Components, LLC.  (Doc. No. 1 at Ex. 1.)  His daughter, Britta Louis Puppe is the trustee for her father's next of kin, and Plaintiff in this wrongful death action.  (*Id.*)  She alleges that M&S had substantial ownership and control of the defective chip wringer and that it acted as a seller and/or distributor thereof.  (*Id.*)  On August 10, 2010, Plaintiff issued, but did not file, a Summons and Complaint for a wrongful-death action in Hennepin County District Court.   (*Id.*)  The next day, Plaintiff attempted to serve M&S with the state court Summons and Complaint at the address of M&S's registered agent in Michigan, but was unsuccessful.  (Doc. No. 29, Affidavit of Lenae M. Pederson ("Pederson Aff." at Ex. A.)  The process server who attempted service at M&S's registered address advised counsel that the premises were vacant.  (*Id*; Affidavit of Tim Hancock)[1].  Plaintiff then served the Summons and Complaint on the Michigan Corporation and Securities Bureau by certified mail.   (Doc. No. 49, Affidavit of Lucas V. Cragg ("Cragg Aff.") ¶ 3, Ex. 2.)

On August 23, 2010, M&S served its Answer to Plaintiff's Complaint, denying Plaintiff's allegations and affirmatively alleging, among other things,

---

[1]     This Court received Tim Hancock's affidavit in connection with Plaintiff's opposition to M&S's motion to dismiss after the April 22, 2011 hearing.

inadequate, ineffective, untimely and improper service of process.  (Doc. No. 14.)  The un-filed state court action was removed to the United States District Court on September 9, 2010.  (Doc. No. 1.)   M&S stipulated to the removal of the state court action to the District Court but again asserted various defenses, including those based on sufficiency of process or sufficiency of service of process.   (*Id.* at Ex. 3.)

M&S now moves to dismiss Plaintiff's Complaint for insufficiency of service of process under Federal Rules of Civil Procedure 4 and 12(b)(5).  For the reasons set forth below, this Court recommends that Defendant's motion to dismiss on the basis of improper service of process be denied.

## DISCUSSION

### I.   Standard of Review

Rule 12 of the Federal Rules of Civil Procedure permits a party to move to dismiss claims for insufficiency of service of process.  *See* Fed. R. Civ. P. 12(b)(5).  When there is an insufficiency in service of process, a court lacks jurisdiction over the defendant.  *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).  To withstand a motion to dismiss brought under Fed. R. Civ. P. 12(b)(5), insufficiency of service of process, Plaintiff must establish prima facie evidence that there was sufficient service of process.  *Hahn v. Bauer*, No. 09-2220, 2010 WL 396228, at *6 (D. Minn. Jan. 28, 2010) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. 1995)).

3

## II.     Sufficiency of Service of Process

Rule 4 of the Federal Rules of Civil Procedure governs service of process in federal actions.  Fed. R. Civ. P. 4(h)(1) provides that a corporation, absent a waiver, shall be served in a judicial district of the United States, in one of two ways.  First, a corporation may be served by delivering the summons and a copy of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. (4(h)(1)(B).  Alternatively, a corporation may be served "pursuant to the law of the state in which the district court is located, or in which service is effected."  Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A) (incorporating subsection (e)(1) by reference in defining the available methods of serving corporations).  Here, plaintiff claims that proper service was accomplished pursuant to the law of Michigan, the state where service was effected, and as stated below, this Court agrees.

The applicable Michigan Court Rule—Mich. Ct. R. 2.105(D)(1)–(4)—and the corresponding statute—MCLA § 600.1920(1)–(4)—allow service on a corporation in one of several ways:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

4

> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if
>
> (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
>
> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>
> (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D)(1)–(4); MCLA § 600.1920(1)–(4); *Baker v. Salvation Army*, No. 09-cv-11424, 2011 WL 1238937, at *2 (E.D. Mich. Jan. 6, 2011) (analyzing service of process under Mich. Ct. R. 2.105).  Plaintiff asserts that she attempted personal service at the address of Defendant's registered agent, but concluded that Defendant abandoned its registered office address because the premises appeared vacant and had a sign stating that "M&S Manufacturing Company has closed operations."  (Affidavit of Tim Hancock and Attachment.)  Because the statute of limitations was about to expire, Plaintiff opted for substituted service on the Michigan Corporation and Securities Bureau—currently titled DELEG—via certified mail.[2]  (Doc. No. 49, Cragg Aff. ¶ 3, Ex. 2.)

---

[2]   Where "registered mail" is used in the Michigan Court Rules, the meaning includes "certified mail," receipt of which must be postmarked by post office. Mich. Ct. R. 2.105(K).

5

Defendant contends that Plaintiff's service of process was improper under Michigan law. First, M&S argues that to the extent Plaintiff relies on MCLA § 600.1920(4) (and Mich. Ct. R. 2.105(D)(4))[3] to demonstrate proper service, those provisions are inapplicable here. According to M&S, service on a corporation may be accomplished under these subsections only where the corporation failed to appoint and maintain a resident agent, or to properly maintain its corporate organization or existence – a fact that the parties dispute. M&S further argues that even assuming MCLA § 600.1920(4) and Mich. Ct. R. 2.105(D)(4) apply, Plaintiff's service was nonetheless improper because she only sent her summons and complaint to DELEG, without also sending them via registered mail to the corporation or an appropriate corporation officer, as required by the statute. *See* MCLA § 600.1920(4), Mich. Ct. R. 2.105(D)(4) (service is accomplished by "mailing a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer **and** to the Michigan corporation and securities commission.") (emphasis added). This Court disagrees.

Based on the language of the Michigan service provisions and the applicable case law, this Court is not convinced that service by mail is only permissible where the corporation failed to appoint and maintain a resident agent

---

[3] Neither Plaintiff nor Defendant cited Mich. Ct. R. 2.105 in the written submissions or argument before this Court. But that court rule, along with the corresponding statute, MCLA § 600.1920(4), governs the service of process in Michigan.

or to keep up its organization. In Michigan, "service of process on a corporation may be effectuated by following *any* of the four alternatives set forth" in the court rules and the corresponding statute. *Jhons v. Hollywood Video*, No. 219993, 2001 WL 735525, at *1 (Mich. Ct. App. Feb. 20, 2001) (emphasis added) (citing *Clayton v. Ann Arbor Motor Inn, Inc.*, 288 N.W.2d 432, 434 (Mich. Ct. App. 1979) ("This Court rejects the argument that defendant's failure to appoint and maintain a resident agent made GCR 1963, 105.4(4)[4] the only method of effecting valid service of process."); *Baker*, 2011 WL 1238937, at *2 ("Under Michigan law, a private corporation may be served by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporate officer."); *see also Fulton v. Citizens Mut. Co.*, 233 N.W.2d 820, 824 (Mich. 1975) (same). Further, Michigan service of process rules are deemed "remedial in nature and should be liberally construed." *Clayton*, 288 N.W.2d at 434.

For example, in *Clayton*, the Michigan Court of Appeals held that the defendant's failure to appoint and maintain a resident agent did not make Mich. Ct. R. 2.105(D)(4) (formerly GCR 1963, 105.4(4)) the only method of effecting valid service of process, and that a combination of actual and attempted service under Mich. Ct. R. 2.105(D)(2), was sufficient to satisfy the service of process requirements. There, plaintiffs attempted service under Mich. Ct. R. 2.105(D)(2), by "serving a summons and a copy of the complaint on a director, trustee, or

---

[4]   GCR 1963, 105.4(4) were the predecessor rules to Mich. Ct. R. 2.105(D)(1)-(4) and the corresponding statute MCLA § 600.1920(1)-(4) containing the same service of process provisions regarding corporations.

person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." *Id.* The defendant argued that even assuming that subsection 2 applied to a defunct corporation, the plaintiffs nonetheless failed to comply with that provision because they did not send a copy of the summons and complaint by registered mail to the corporation, as required by the rule. The *Clayton* court rejected the defendant's argument, finding that "the more expensive and reliable method of *attempted* personal service at defendant's corporate offices was sufficient to satisfy the requirement that the documents be mailed by registered mail to those offices." *Id.* (emphasis added).

The same applies here. Even assuming Defendant appointed and maintained a resident agent and kept up its organization—which Plaintiff disputes[5]—Plaintiff was not foreclosed from attempting service under the fourth method of service, Mich. Ct. R. 2.105(D)(4) and MCLA 600.1920(4). On August 11, 2010, Plaintiff attempted service under Mich. Ct. R. 2.105(D)(1), by serving

---

[5] M&S states that it is an active Michigan corporation, that James Sayre is its proper registered agent, and that Sayre maintains an office at 550 East Main Street in Hudson, Michigan, as does his son Matthew who is also affiliated with M&S. It also contends that the process server's uninformed belief that the address was vacant does not demonstrate that M&S failed to keep up its organization by the appointment of officers or otherwise, or failed to appoint and maintain a resident agent. At the hearing, the Court asked the parties to research what circumstances establish that a corporation failed to maintain a resident agent under Michigan law. Neither the parties nor this Court located any Michigan law on that issue.

the Summons and Complaint on Defendant's resident agent, but found the premises to be vacant. Two days later, faced with the elapsing statute of limitations, Plaintiff mailed her Complaint via certified mail to the Michigan corporation and securities commission or DELEG. It appears that Plaintiff did not send her summons and complaint by registered mail to the corporation or an appropriate corporation officer.[6] The applicable wrongful death statute of limitations expired the next day. This Court finds that under these circumstances, as in *Clayton*, a combination of Plaintiff's actual and attempted methods of service under Mich. Ct. R. (D)(1) and D(4) satisfy the service of process requirements under Michigan law, and dismissal is therefore unwarranted.

This Court also notes that Mich. Ct. R. Rule 2.105(J)(3) compels a liberal construction of Rule 2.105(D)(1)--(4) and weighs against dismissal. Under Michigan law, "[a]n action *shall not be dismissed* for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." Mich. Ct. R. 2.105(J)(3) (emphasis added); *see also State Farm Fire and Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909, at *5 (E.D. Mich. 2007) (stating that Mich. Ct. R. 2.105(J)(3) applies when dismissal is sought on the ground that service of

---

[6] At the hearing, Plaintiff's counsel stated that he could not confirm that the summons and complaint were sent by registered mail to the corporation or an appropriate corporation officer.

process was improper pursuant to Fed. R. Civ. P. 12(b)(5).)  Thus, if the defendant actually receives service of process within the life of the summons—ninety one days—the fact that the manner of service was improper is not grounds for dismissal.  *Id*; Mich. Ct. R. 2. 102(D).  Here, Defendant clearly knew about Plaintiff's lawsuit within three months of the issuance of summons.  The summons was issued on August 10, 2010, and DELEG was served on August 13, 2010.  On August 23, 2010, M&S answered Plaintiff's state court Complaint.  Plaintiff's action was removed to federal court on September 9, 2010.  M&S stipulated to the removal.

On a final note, this Court observes that dismissal of Plaintiff's Complaint likely would have a draconian effect on Plaintiff's ability to re-file her claims because the statute of limitations has now expired.   And if this Court were to quash Plaintiff's service with leave to make proper service, plaintiff's claim would still likely be time-barred.  This is because an action that is first brought in Minnesota state court, such as this one, is not commenced until proper service is made on the defendant.[7]  Minn. R. Civ. P. 3.01; *see Froland v. Yamaha Motor*

---

[7]     In diversity cases, Minnesota federal courts apply Minnesota state law on statute of limitations questions because, as a substantive matter, the statute of limitations is controlled by state law.  *See Larsen v. Mayo Found.*, 21 Fed. Appx. 516, 517 (8th Cir. 2001); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 866 (8th Cir. 2000); *see also Walker v. Armco Steel Corp.,* 446 U.S. 740 (1980) (stating that in diversity cases, if state law requires service to commence an action, state law, and not Federal Rule 3, governs for purposes of state statute of limitations); *Kyllo v. Farmers Co-op. Co. of Wanamingo*, 723 F. Supp. 1332, 1335 (D. Minn. 1989) ("[f]ederal courts must honor state court rules governing commencement of civil actions when an action is first brought in state court.")

*Co., Ltd.*, 296 F. Supp. 2d 1004, 1009 (D. Minn. 2003) (quashing plaintiff's service of process but noting that "[b]ecause plaintiff's claim apparently accrued in October 1998, a statute of limitations question may arise with regard to plaintiff's ability to effect proper service. . . A plaintiff may be allowed to amend process or service of process even after the expiration of the statutory period if defendant was timely put on notice of the action and would not be prejudiced by such amendment).  Regardless, this harsh result is unwarranted here because service of process was proper under Michigan law, the state where service was effected.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant M&S Manufacturing Co.'s Motion to Dismiss (Doc. No. 26.), be **DENIED**.


Date: May 13, 2011                                *s/ Jeffrey J. Keyes*
                                                  JEFFREY J. KEYES
                                                  United States Magistrate Judge



Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 27, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to

seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.